IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES W. BROOKS and DONNA J. BROOKS,<br><br>           Plaintiffs,<br><br>     vs.<br><br>JONNAVEN MONALIM; MISTY MONALIM; PACIFIC TRUCKING, INC., TERRIE LYNN SPOTKAEFF; WEST COAST PROPERTIES; CITY AND COUNTY OF HONOLULU; MICHAEL TAMASHIRO; FRANK PUGILESE; RUSSELL KOMODA;  CHAD MURPHY; ROBERT FRANK; DOE INDIVIDUALS 1-10; DOE OFFICERS 1-5; DOE BUSINESS ENTITIES 1-5,<br><br>           Defendants.<br>_____ | CV NO 05-00628 DAE BMK |

ORDER GRANTING DEFENDANTS RUSSELL KOMODA, CHAD MURPHY
AND ROBERT FRANK'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANTS MICHAEL TAMASHIRO AND FRANK
<u>PUGLIESE'S MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motions and the supporting

memoranda, and no oppositions having been filed, the Court GRANTS Defendants

Russell Komoda, Chad Murphy and Robert Frank's Motion for Summary Judgment and GRANTS Defendants Michael Tamashiro and Frank Pugliese's Motion for Summary Judgment.

BACKGROUND

In May 2005, Plaintiffs, a married couple, entered into a Deposit Receipt Offer and Acceptance agreement to purchase a 7-acre vacant lot located in Waianae from Defendants Jonnaven Monalim ("Mr. Monalim") and Misty Monalim (collectively "Defendants Monalims"). Plaintiffs deposited money into an escrow account and were to deposit the remainder of the purchase price on or before June 30, 2005. Plaintiffs allege Mr. Monalim and Defendant Terrie Lynn Spotkaeff, Mr. Monalim's realtor, allowed Plaintiffs to use the property even though escrow had not closed. Defendants Monalims allege that Plaintiffs moved onto the land before June 30, 2005, without their permission or knowledge. The purchase of the land was not completed and escrow did not close.

On or about August 11, 2005, Mr. Monalim came to the property and told Plaintiff Donna Brooks ("Mrs. Brooks") that she must vacate the property no later than August 14, 2005. Plaintiffs allege that later that day, Mr. Monalim and three police officers, Defendants Chad Murphy, Robert Frank, and Sergeant

2

Russell Komoda, came to the property and told them they had to vacate immediately.

Frank and Murphy were sent to the area by Honolulu Police Department ("HPD") dispatch to remove squatters from property owned by Mr. Monalim.  Upon arriving, Frank and Murphy verified Mr. Monalim's identification and reviewed documents from the City and County of Honolulu and the Honolulu Board of Realtors Public Records, which identified Defendants Monalims as the owners of the property.  Neither Plaintiff provided the officers with documentation that they owned the property.

After being called by Frank, Komoda responded to the property.  Each officer told Plaintiffs that they were trespassing and had to vacate the property immediately.  Plaintiffs spent several hours moving their property and, according to Plaintiffs, were able to remove some of their personal property, however, they were allegedly prevented from re-entering the property, threatened with arrest, and their remaining personal property was bulldozed or moved to the far side of the property.  The officers assert that Plaintiffs moved their personal property around the lot, but did not make progress in removing all of their personal property.  The officers also state that Plaintiffs moved their vehicles and parked them so that they blocked the ingress and egress of the lot, which resulted in the officers issuing

them a ticket. When Mrs. Brooks threw the citation on the ground, the officers told her that she would be arrested for littering. Finally, when Mr. Brooks requested to re-enter the lot to get his medication, Murphy told him to get another prescription. Mr. Brooks then laid on the ground and requested an ambulance. Murphy immediately called an ambulance.

With respect to Defendant police officer Frank Pugliese, Plaintiffs assert that Defendant Pugliese returned Mrs. Brooks' call and informed her that Defendant Komoda was the Sergeant in the field and that once he made a decision, no one was going to challenge him because Komoda was a 24-year veteran of the police department and that there was nothing that Pugliese could do.

The only allegations regarding Defendant police officer Michael Tamashiro are that on or about August 11, 2005, Mr. Brooks spoke with police officer Tamashiro, who suggested that he contact the Kapolei Police Station for a police escort for removal of Plaintiffs' property.

Plaintiffs filed a complaint on September 29, 2005. The Complaint alleges the following causes of action against the various officers: 1) officers conspired with the Monalims and Defendant Spotkaeff to deprive Plaintiffs of their Fourth Amendment rights in violation of § 1983 by allowing the confiscation and destruction of Plaintiffs' personal property (Count I); 2) officers violated Plaintiffs'

Fourth Amendment rights in violation of § 1983 by failing to enforce the law and preserve the peace when they had reason to know that the restriction of access to and destruction and confiscation of Plaintiffs' personal property was unlawful (Count II); 3) officers engaged in a cover-up of police misconduct, by failing to complete police reports, which violated Plaintiffs' Fourteenth Amendment Due Process rights and Fourth Amendment rights, in violation of § 1983 (Count III); 4) officers violated Mr. Brooks' constitutional rights under § 1983 because of their deliberate indifference to Mr. Brooks' medical condition and refusal to permit Mr. Brooks from retrieving his medication from the Monalims' property (Count IV); 5) intentional infliction of emotional distress ("IIED") as a result of the officers' and other defendants' conduct (Count VII); and 7) loss of consortium (Count IX).

Defendants Komoda, Murphy and Frank filed their motion for summary judgment on December 6, 2006.  Defendants Michael Tamashiro and Frank Pugliese filed their motion for summary judgment on December 7, 2006.  No opposition was filed to either motion.

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. California Dept. of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial–-usually, but not always, the defendant–-has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial"and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be produced.  T.W. Elec. Serv., 809 F.2d at 630  (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.  However, inferences may be drawn from underlying facts not in dispute, as well as from

disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

A.  Count I

Count I of the Complaint alleges that Komoda, Frank, Murphy, Tamashiro and Pugliese (collectively "Officer Defendants") violated 42 U.S.C. § 1983 by conspiring with Defendants Monalims to violate Plaintiffs' Fourth Amendment rights by preventing Plaintiffs from accessing their personal property and allowing the property to be destroyed and/or confiscated.

>Section 1983 of Title 42 of the U.S. Code states:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  "Generally speaking, 'the accepted definition of a conspiracy is a combination of two or more

persons [or entities] by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.'" Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 982 P.2d 853, 881 (Haw. 1999) (quoting Duplex Printing Press Co. v. Deering, 254 U.S. 443, 466 (1921)) superseded by statute on other grounds as stated in Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, 148 P.3d 1179 (2006).

Here, other than using the word "conspired," Plaintiffs have failed to allege that Officer Defendants engaged in any concerted action to accomplish some unlawful purpose. Indeed, Plaintiffs have not opposed this motion and therefore presented no evidence that any of the Officer Defendants had knowledge of Plaintiffs' underlying dispute with Defendants Monalims, knew the Monalims, or otherwise alleged any actions that could establish an agreement between the Defendants or any type of concerted action. Accordingly, Count 1 of the Complaint, as against Komoda, Murphy, Tamashiro, Pugliese, and Frank is DISMISSED.

B.   Count II

Plaintiffs allege that Officer Defendants violated their Fourth Amendment rights in violation of § 1983 by failing to enforce the law and preserve

the peace when they had reason to know that the restriction of access to and destruction and confiscation of Plaintiffs' personal property was unlawful.

Again, as Plaintiffs did not oppose this motion, they have not presented any evidence that they were unlawfully restricted access to their property, that their property was actually destroyed and confiscated, that such destruction or confiscation was unlawful, and that the Officer Defendants had any knowledge of such unlawful activity. Thus, even if Plaintiffs had a constitutional right to require the Officer Defendants to enforce the law and preserve the peace, they have not presented any evidence to survive a motion for summary judgment on this Count. Therefore, Count II is DISMISSED as against the Officer Defendants.

C.   Count III

In Count III, Plaintiffs allege that the Officer Defendants engaged in a cover-up of police misconduct, by failing to complete police reports, which violated Plaintiffs' Fourteenth Amendment due process rights and Fourth Amendment rights, in violation of § 1983. Specifically, Plaintiffs assert that the

Officer Defendants failed to complete police reports in order to cover up Komoda's malicious conduct.

Officer Defendants, however, presented evidence that they did complete police reports regarding Plaintiffs' alleged trespass. Furthermore, as Plaintiffs failed to file an opposition, they have not set forth specific facts showing that there is a genuine issue for trial regarding an alleged cover up. Accordingly, Count III is DISMISSED as it pertains to the Officer Defendants.

D.   Count IV

Plaintiffs allege that Officers Komoda and Murphy violated Mr. Brooks' constitutional rights by their deliberate indifference to his medical condition and refusal to allow him to retrieve his medication.

Officer Defendants assert that Mr. Books had already vacated the property when he asked to return to retrieve more items. Officer Defendants further assert that since he had already vacated the property, the officers did not have the authority to allow him back onto the property since they are not the owners. Plaintiffs have presented no argument or evidence to the contrary. As Plaintiffs may not rely on the mere allegations in the pleadings, this Court

GRANTS Officer Defendants' motion and Count IV is hereby DISMISSED as to Komoda and Murphy.

E. <u>Count VII</u>

Plaintiffs have brought a claim of intentional infliction of emotional distress against Komoda, Murphy and Frank.

"Under Hawai'i law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'" <u>Enoka v. AIG Haw. Ins. Co.</u>, 128 P.3d 850, 872 (Haw. 2006) (quoting <u>Hac v. Univ. of Haw.</u>, 73 P.3d 46, 60-61 (Haw. 2003)).  The Hawaii Supreme Court defines the term "outrageous" as conduct "without just cause or excuse and beyond all bounds of decency."  <u>Enoka</u>, 128 P.3d at 872.  "Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'"  <u>Id.</u>  (quoting <u>Hac</u>, 73 P.3d at 60).

Here, the conduct alleged by Plaintiffs is insufficient to rise to the level of outrageousness.  Indeed, the Officer Defendants responded to a call from a member of the public.  Mr. Monalim showed the officers paperwork establishing that he owned the subject property.  Plaintiffs had no documents proving that they

had a right to occupy the property.  Furthermore, nothing in the allegations shows that the Officer Defendants performed their duties in an atrocious manner.  Finally, Plaintiffs presented no argument or evidence to support their claim.

Therefore, Count VII is DISMISSED as against Komoda, Murphy and Frank.

F.  Count IX

Plaintiffs next allege a cause of action for loss of consortium against all Defendants, thereby including the Officer Defendants.

A loss of consortium claim is a derivative claim and there must be an underlying tort brought by the injured spouse in order for the consortium claim to be maintained.  Mist v. Westin Hotels, Inc., 738 P.2d 85, 90 (Haw. 1987).  "In other words, the loss of consortium claim is dependent upon the negligent injury of the other spouse who has the primary tort cause of action."  Id.

As Plaintiffs did not oppose this motion, they presented no evidence of an underlying injury to Mr. Books, such that Mrs. Brooks could maintain this cause of action.  Accordingly, Count IX is hereby DISMISSED as against the Officer Defendants.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants Komoda, Murphy and Frank's motion for summary judgment and GRANTS Defendants Tamashiro and Pugliese's motion for summary judgment.  The Complaint as against Defendants Komoda, Murphy, Frank, Tamashiro and Pugliese is hereby DISMISSED.

DATED:  Honolulu, Hawaii, February 1, 2007.



David Alan Ezra
United States District Judge

Brooks v. Monalim, et. al., CV No. 05-00628 DAE-BMK; ORDER GRANTING DEFENDANTS RUSSELL KOMODA, CHAD MURPHY AND ROBERT FRANK'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS MICHAEL TAMASHIRO AND FRANK PUGLIESE'S MOTION FOR SUMMARY JUDGMENT